Case 2:22-cv-05434-JMA-JMW   Document 20   Filed 10/21/22   Page 1 of 7 PageID #: 124

FILED
CLERK

October 21, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ZAFAR LODHI,

                Plaintiff,

        -against-

JHPDE FINANCE 1, LLC, EQUIFAX
INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION
SOLUTIONS, INC., and TRANS UNION,
LLC,
                Defendants.
-------------------------------------------------------------X

**SUA SPONTE
REPORT AND
RECOMMENDATION**
22-CV-05434 (JMA) (JMW)

**APPEARANCES:**

Subhan Tariq
**The Tariq Law Firm, PLLC**
34-18 Northern Blvd., Ste. 2-25
Long Island City, NY 11101
*For Plaintiff Zafar Lodhi*

Brady James Hermann
**Maurice Wutscher, LLP**
3 Allied Drive, Suite 303
Dedham, MA 02026
*For Defendant JHPDE Finance 1, LLC.*

Julius Kairey
**Jones Day - New York**
250 Vesey Street, Room 3127
New York, NY 10281
*For Defendant Experian Information Solutions, Inc.*

Camille Renee Nicodemus
Rachael R Taylor
**Schuckit & Associates, P.C**.
4545 Northwestern Drive
Zionsville, IN 46077
*For Defendant Trans Union, LLC*

*No Appearance by Defendant Equifax Information Services, LLC*

**WICKS,** Magistrate Judge:

Plaintiff Zafar Lodhi commenced this action on August 24, 2022, against JHPDE Finance 1, LLC ("JHPDE"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC (together, "Defendants"), in the Supreme Court of the State of New York, County of Suffolk. (*See* DE 1.) Plaintiff's Complaint alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, and relevant New York state law. (DE 1-2 at ¶ 1.) Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants removed the action to federal court. (DE 1.)

Having reviewed the allegations of the Complaint, this Court issued an Order to Show Cause on October 7, 2022, directing Defendants—the parties bearing the burden of establishing federal subject matter jurisdiction on removal[1]— to show cause on or before October 14, 2022, as to why the undersigned should not recommend to the Honorable Joan M. Azrack that the case be remanded to the Supreme Court of the State of New York, Suffolk County for lack of subject matter jurisdiction. (Electronic Order, dated Oct. 7, 2022.) Specifically, in light of the Supreme Court's holding in *TransUnion LLC v. Ramirez*, ___ U.S. ___, 141 S. Ct. 2190, 2203 (2021), the responses were to address whether Plaintiff had alleged concrete, particularized injury in fact from the statutory violations alleged in the Complaint or any other basis sufficient to confer Article III standing and subject matter jurisdiction in federal court. (*Id.*)

---

[1] *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Sprout Mortgage LLC v. Consolidtaed Analytics, Inc.*, 21-cv-04415 (JMA) (JMW) (E.D.N.Y. Aug. 17, 2021) (defendant bears burden of establishing existence of federal subject matter jurisdiction upon removal); *Pires v. Heller*, No. 04 CIV. 9069 (RJH), 2004 WL 2711075, at *1 (S.D.N.Y. Nov. 24, 2004) ("In order for removal to be considered proper, the removing party must demonstrate that this Court is endowed with the requisite subject matter jurisdiction") (quotes omitted).

On October 14, 2022, Defendants Trans Union and Experian submitted their responses to the Court. (*See* DE 14; DE 15.)[2] Nothing was filed by Plaintiff.

## DISCUSSION

The Constitution confines federal courts to only resolve only real cases and controversies. U.S. Const. art. III. To establish Article III standing, plaintiffs must show that they have suffered concrete harm. *TransUnion LLC v. Ramirez*, ___ U.S. at ___, 141 S. Ct. 2190, 2200 (2021); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The most obvious harms are tangible monetary or physical harms. *E.g., Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). But harms need not always be tangible in nature. *See TransUnion LLC*, 141 S. Ct. at 2208 (finding plaintiffs sufficiently alleged standing in a Fair Credit Reporting Act case because TransUnion LLC had provided third parties with credit). However, "mere risk of future harm, standing alone, cannot qualify as a concrete harm—at least unless the exposure to the risk of future harm itself causes a *separate* concrete harm." *Id.* Since *TransUnion*, it has been held that "[a] lowered credit score in and of itself is not a concrete harm." *Zlotnick v. Equifax Info. Servs.*, LLC, 583 F. Supp. 3d 387, 392 (E.D.N.Y. 2022). "Where a plaintiff claims that an improper notation on his credit report resulted in a credit score reduction that could cause him reputational and financial harm, the absence of allegations of dissemination to third parties requires dismissal." *Id.*

Trans Union presents two arguments for subject matter jurisdiction. First, it submits that Plaintiff has sufficiently alleged a concrete harm insofar as Plaintiff alleges that Trans Union is liable for actual damages from Trans Union's furnishing to a third-party Plaintiff's allegedly inaccurate credit report. (DE 14.) Specifically, Trans Union points to Plaintiff's allegation that "Trans Union has reported and likely continues to report, a tradeline for Plaintiff's JHPDE account

---

[2] Appearing Defendant JHPDE did not submit a response.

3

showing an inaccurate balance," and "each CRA Defendant, in turn, continued to report an incorrect and therefore unverifiable, inaccurate balance on (a) Plaintiff's credit reports and, upon information and belief, (b) consumer reports about Plaintiff that each CRA Defendant prepared and distributed to third parties," which resulted in "actual cognizable damages pursuant to the FCRA." (*Id.*) (citing DE 1-2 at ¶¶ 12, 21, 27.) Second, Trans Union submits that Plaintiff's alleged emotional distress due to alleged inaccurate reporting by Trans Union constitutes actual damages under the FCRA. (*Id.*) (citing DE 1-2 at ¶ 12.)

Experian's response largely echoes that of Trans Union. (*See* DE 15.)  For instance, Experian also points to Plaintiff's allegations that inaccurate consumer reports were "prepared and distributed to third-parties" and more specifically, that "Experian . . .verified and continued to report the inaccurate balance for Plaintiff's JHPDE account." (*Id.*) (citing DE 1-2 at ¶¶ 21, 55.) Further, Experian asserts that Plaintiff's allegations that "emotional distress, embarrassment, aggravation, and frustration" in connection with the alleged inaccurate reporting are sufficient to confer standing. (*Id.*) (citing DE 1-2 at ¶ 42.)

However, recent cases from this district have been dismissed or remanded based on nearly identical claims. *See Zlotnick*, 583 F. Supp. 3d at 391 (dismissing FCRA action for failure to allege Article III standing based on allegations of "mental and emotional pain"); *Scott v. Affirm, Inc. et al*, No. 22-CV-04432 (ARR) (JMW), at DE 23 (E.D.N.Y Sept. 30, 2022), *report and recommendation adopted*, No. 22-CV-04432 (ARR) (JMW) (E.D.N.Y. Oct 19, 2022) (finding allegations that defendants reported an inaccurate balance to "all other credit reporting agencies" and damages by "dissemination of inaccurate reporting to third parties" to be insufficient to confer standing).  While it is true that claims of mental and emotional distress can be considered actual damages in instances where, for example, a plaintiff specifically alleges resulting emotional

4

distress from an actual denial of credit, nebulous claims of emotional harm resulting from an inaccurate credit score have been rejected by this Circuit. *Compare Jenkins v. Chase Bank USA, N.A.*, No. 14-CV-5685 SJF AKT, 2015 WL 4988103, at *8 (E.D.N.Y. Aug. 19, 2015) (finding mental and emotional distress were actual damages because they were a result of *actual* loan denials), *with Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 65 (2d Cir. 2021) (rejecting claims of emotional distress because it was "not alleged that this purported risk [of securing a loan with a lower credit score] materialized; so it is similarly incapable of giving rise to Article III standing"). And that's what's alleged here.

Similarly, to the extent Trans Union and Experian argue that Plaintiff's Complaint includes allegations of third-party dissemination, the Court finds that, as alleged, Plaintiff's claims are insufficient to confer standing. Plaintiff alleges that each Defendant "continued to report an incorrect, and therefore unverifiable balance on (a) Plaintiff's credit reports and, upon information and belief, (b) consumer reports about Plaintiff that each CRA Defendant prepared and distributed to third-parties." (DE 1-2 at ¶ 21.)[3] Conclusory allegations that consumer reports were disseminated to third parties, without more, do not amount to allegations of actual dissemination as required to pass muster under *TransUnion*. *Zlotnick*, 583 F. Supp. 3d at 391 ("Despite plaintiff's conclusory allegations that 'Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown' . . . no actual dissemination is alleged"); *see Scott*, No. 22-CV-04432 (finding allegations that defendants reported an inaccurate balance to "all other credit reporting agencies" and damages by "dissemination of inaccurate

---

[3] Plaintiff also alleges that he received one debt collection letter from JHPDE regarding his JHPDE account. (*Id.* at ¶¶ 22-24.) Neither Trans Union nor Experian mention this allegation in their responsive letters. (*See* DE 14-15.) Nonetheless, the Court finds an allegation of receiving one debt collection letter without further materialization does not equate to the concrete harm needed to confer standing.

5

reporting to third parties" to be insufficient to confer standing). Indeed, the Complaint is bereft of any facts or statements specifying which parties sent or received these allegedly inaccurate reports. The allegations in Plaintiff's Complaint fail to "plead enough facts to make it plausible that [plaintiff] did indeed suffer the sort of injury that would entitle them to relief" for the purposes of Article III jurisdiction. *Maddox*, 19 F.4th at 65 (further citation omitted). Therefore, Plaintiff's Complaint does not satisfy the injury-in-fact requirement of Article III and the Court lacks subject matter jurisdiction over Plaintiff's FCRA claims.

To the extent Trans Union requests that in the event the case be remanded, the Court's remand order should indicate Plaintiff has abandoned any claim for actional damages and has conceded that Trans Union did not cause any concrete harm or injury (DE 14), it is respectfully recommended that such request be denied. As previously stated, it is *Defendants'* burden to establish the existence of federal subject matter jurisdiction upon removal, not the Plaintiff. *See Mehlenbacher*, 216 F.3d at 296; *Pires*, 2004 WL 2711075, at *1. Unlike the circumstances in *In re Rezulin Prod. Liab. Litig.*, as relied on by Trans Union, there is no indication that Plaintiff here is ignoring or circumventing Defendants' removal rights. (No. 00 CIV.2843 LAK, 2002 WL 31002809, at *1 (S.D.N.Y. Sept. 5, 2002) (denying plaintiff's request for dismissal without prejudice following removal because "[n]o other purpose would be served by seeking dismissal without prejudice" other than wishing to refile in state courts). And, if there is no subject matter jurisdiction, the Court is powerless to make ancillary rulings on whether a party abandoned a claim or not.

## CONCLUSION

For the foregoing reasons, the Defendants have failed to establish that Plaintiff has alleged a concrete, particularized injury. Accordingly, the undersigned respectfully recommends that this action be remanded to the Supreme Court of the State of New York, County of Suffolk. In light of this recommendation, the initial conference scheduled for October 24, 2022, at 10:30 AM is hereby adjourned *sine die*.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
October 21, 2022

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

7