UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ZAFAR LODHI,

                                            Plaintiff,

      -against-

JHPDE FINANCE 1, LLC, EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., and TRANS UNION, LLC,

                                            Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-5434 (JMA) (JMW)

FILED
CLERK
12:11 pm, Dec 01, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

On August 24, 2022, Plaintiff Zafar Lodhi commenced this action against Defendants JHPDE Finance 1, LLC, Equifax Information Services, LLC, Experian Solutions, Inc., and Trans Union, LLC. (ECF No. 1-2.) Plaintiff's Complaint alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and relevant New York state law. (Id. at ¶ 1.) Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants removed the action to federal court. (ECF No. 1.) On October 7, 2022, the Honorable Magistrate Judge James M. Wicks issued an Order to Show Cause directing Defendants to show cause on or before October 14, 2022, as to why he should not recommend to this Court that the case be remanded to the Supreme Court of the State of New York, Suffolk County for lack of subject matter jurisdiction. (Oct. 7, 2022, Electronic Order.) In light of the Supreme Court's holding in *TransUnion LLC v. Ramirez*, __ U.S. __, 141 S. Ct. 2190, 2203 (2021), Defendants were to address whether Plaintiff's Complaint alleges concrete, particularized injury in fact or any other basis sufficient to confer Article III standing and subject matter jurisdiction. (Id.) Defendants Trans Union and Experian submitted their responses on October 14, 2022. (ECF Nos. 14-15.)

On October 21, 2022, Judge Wicks issued a *sua sponte* report and recommendation ("R&R"), wherein he recommended that, because Defendants had failed to establish that Plaintiff has alleged a concrete, particularized injury, this matter should be remanded to the Supreme Court of the State of New York, Suffolk County. (ECF No. 20.) Plaintiff subsequently settled her claims against Defendant Equifax Information Services, LLC. (ECF No. 22.) No objections have been filed as to the R&R, and the time for doing so has since passed. For the reasons stated below, the R&R is adopted in its entirety.

"Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted).

The Court has reviewed the record and the unopposed R&R for clear error and, finding none, hereby adopts Magistrate Judge Wicks's R&R in its entirety as the opinion of the Court. Accordingly, the Clerk of the Court is respectfully directed to enter a judgment remanding this matter to the Supreme Court of the State of New York, County of Suffolk (Index No. 616827/2022). The Clerk of Court shall thereafter close this case.

**SO ORDERED.**

Dated: December 1, 2022
Central Islip, New York

                                                        /s/ (JMA)
                                                        JOAN M. AZRACK
                                                        UNITED STATES DISTRICT JUDGE